Eugene F. Assaf (*Pro Hac Vice*)
Daniel T. Donovan (*Pro Hac Vice*)
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005
Telephone: (202) 879-5000
Facsimile: (202) 879-5200

Terry L. Tang, Bar No. 202364
KIRKLAND & ELLIS LLP
333 Bush Street, 26th Floor
San Francisco, California 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

Attorneys for Defendant
America Online, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FANNIE BUCKLEY, DAWN BRISKY, and DERRICK SKINNER, on behalf of themselves and all others similarly situated, and on behalf of the general public of the State of California,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICA ONLINE, INC.,<br><br>Defendant. | Case No. C 02-0918 JSW<br><br>**DEFENDANT AMERICA ONLINE, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT** |

Defendant America Online, Inc. ("AOL"), by and through its undersigned counsel, responds as follows to the corresponding numbered allegations in Plaintiffs' Complaint:

## INTRODUCTION

1. AOL denies Plaintiffs' allegations in Paragraph 1 of the Complaint, except to admit that Plaintiffs have brought a purported class action against AOL and that Plaintiffs have been subscribers of services provided by AOL. Further, AOL denies that the putative classes defined in the Complaint are certifiable under applicable law.

2. AOL denies the allegations contained in Paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3. With respect to the allegations contained in Paragraph 3 of the Complaint, AOL admits that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337, and 1367.

4. AOL admits that Plaintiffs seek to establish venue in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c), but AOL denies that venue is proper in this district. AOL denies the remaining allegations contained in Paragraph 4 of the Complaint.

## PARTIES

5. AOL lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint, except AOL denies Plaintiff Buckley received "unordered merchandise" from AOL.

6. AOL lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint, except AOL denies Plaintiff Brisky received "unordered merchandise" from AOL.

7. AOL lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint, except AOL denies Plaintiff Skinner received "unordered merchandise" from AOL.

8. AOL admits that it is a Delaware corporation with its principal place of business in Dulles, Virginia. The number of AOL's subscribers varies over time, and thus, AOL cannot agree to the number of its subscribers without a time period.

# FACTUAL ALLEGATIONS

9. AOL generally admits the allegations contained in Paragraph 9. However, the number of AOL's subscribers varies over time, and thus, AOL cannot agree to the number of its subscribers without a time period.

10. Over time, AOL has offered its subscribers different methods of paying for AOL services. Plaintiffs' list of methods is not complete and thus AOL denies the allegations contained in Paragraph 10 of the Complaint. Moreover, the Member Agreement agreed to by the Plaintiffs speaks for itself.

11. Plaintiffs' allegations and characterizations contained in Paragraph 11 of the Complaint are incomplete and/or incorrect, and consequently AOL denies them.

12. Plaintiffs' allegations and characterizations contained in Paragraph 12 of the Complaint are incomplete and/or incorrect, and consequently AOL denies them.

13. AOL denies the allegations contained in Paragraph 13 of the Complaint.

14. AOL denies the allegations contained in Paragraph 14 of the Complaint.

15. AOL generally admits the allegations contained in Paragraph 15 of the Complaint as far as AOL has maintained shipping centers in these locations.

16. AOL lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint, and consequently denies them.

17. AOL is without sufficient knowledge to admit or deny these allegations.

18. AOL denies the allegations contained in Paragraph 18 of the Complaint.

19. AOL denies the allegations contained in Paragraph 19 of the Complaint.

20. AOL denies the allegations contained in Paragraph 20 of the Complaint.

21. AOL denies the allegations contained in Paragraph 21 of the Complaint.

22. AOL denies the allegations contained in Paragraph 22 of the Complaint.

23. AOL denies the allegations contained in Paragraph 23 of the Complaint.

24. AOL denies the allegations contained in Paragraph 24 of the Complaint.

25. AOL denies the allegations doions contained in Paragraph 25 of the Complaint.

26. AOL denies the allegations contained in Paragraph 26 of the Complaint.

27. AOL denies that Plaintiff Buckley ever received unordered merchandise as alleged in Paragraph 27 of the Complaint.

28. AOL denies Plaintiffs' allegations contained in Paragraph 28 of the Complaint, except to admit that Plaintiff Buckley has not returned any merchandise ordered from AOL.

29. AOL denies that Plaintiff Brisky ever received unordered merchandise as alleged in Paragraph 29 of the Complaint.

30. AOL denies Plaintiffs' allegations contained in Paragraph 30 of the Complaint, except to admit that Plaintiff Brisky has not returned any merchandise ordered from AOL.

31. AOL denies the allegations contained in Paragraph 31 of the Complaint.

32. AOL denies the allegations contained in Paragraph 32 of the Complaint.

33. AOL denies the allegations contained in Paragraph 33 of the Complaint.

## CLASS ACTION ALLEGATIONS

34. AOL denies the allegations contained in Paragraph 34 of the Complaint, except to admit that Plaintiffs purport to seek relief on behalf of a putative class. AOL denies that the putative class defined in the Complaint is certifiable under applicable law, or that Plaintiffs have any basis for their claims in law or in fact.

35. AOL denies the allegations contained in Paragraph 35 of the Complaint, except to admit that Plaintiffs seek relief on behalf of a putative Mail Subclass. AOL denies that the putative Mail Subclass defined in the Complaint is certifiable under applicable law, or that Plaintiffs have any basis for their claims in law or in fact.

36. AOL denies the allegations contained in Paragraph 36 of the Complaint, except to admit that Plaintiffs seek relief on behalf of a putative California Subclass. AOL denies that the putative California Subclass defined in the Complaint is certifiable under applicable law, or that Plaintiffs have any basis for their claims in law or in fact.

37. AOL denies that the putative classes defined in the Complaint are certifiable under applicable law.

38. AOL denies that the putative classes defined in the Complaint are certifiable under applicable law.

39. AOL denies that the putative classes defined in the Complaint are certifiable under applicable law.

40. AOL denies that the putative classes defined in the Complaint are certifiable under applicable law.

41. AOL denies that the putative classes defined in the Complaint are certifiable under applicable law.

42. AOL denies that the putative classes defined in the Complaint are certifiable under applicable law.

43. AOL denies that the putative classes defined in the Complaint are certifiable under applicable law.

44. AOL denies that the putative classes defined in the Complaint are certifiable under applicable law.

45. AOL denies that the putative classes defined in the Complaint are certifiable under applicable law.

## FIRST CLAIM FOR RELIEF

**For Violation of 39 U.S.C. § 3009:  Mailing of Unordered Merchandise
(On Behalf of Plaintiffs Buckley, Skinner, and the Mail Subclass)**

46. AOL denies the allegations contained in Paragraph 46 of the Complaint.  AOL denies that the putative Mail Subclass defined in the Complaint is certifiable under applicable law, or that Plaintiffs have any basis for their claims in law or in fact.  AOL further answers by repeating its responses to the allegations contained in Paragraphs 1-45 of the Complaint.

47. To the extent that Paragraph 47 of the Complaint purports to characterize federal laws and regulations, those laws and regulations speak for themselves.

48. AOL denies the allegations contained in Paragraph 48 of the Complaint.

49. AOL denies the allegations contained in Paragraph 49 of the Complaint.

50. AOL denies the allegations contained in Paragraph 50 of the Complaint.

51. AOL denies the allegations contained in Paragraph 51 of the Complaint.

52. AOL denies the allegations contained in Paragraph 52 of the Complaint.

53. AOL denies the allegations contained in Paragraph 53 of the Complaint.

54. AOL denies the allegations contained in Paragraph 54 of the Complaint.

55. AOL denies the allegations contained in Paragraph 55 of the Complaint.

56. AOL denies the allegations contained in Paragraph 56 of the Complaint.

57. AOL denies the allegations contained in Paragraph 57 of the Complaint.

## SECOND CLAIM FOR RELIEF

**For Declaratory Relief Pursuant to 28 U.S.C. § 2201**
**(On Behalf of Plaintiffs Buckley, Skinner, and the Mail Subclass)**

58. AOL denies the allegations contained in Paragraph 58 of the Complaint, except to admit that Plaintiffs Buckley and Skinner seek relief on behalf of themselves and the putative Mail Subclass. AOL denies that the putative Mail Subclass defined in the Complaint is certifiable under applicable law, or that Plaintiffs have any basis for their claims in law or in fact. No class has been certified, and AOL lacks sufficient knowledge to know the identity of these parties. AOL further answers by repeating its responses to the allegations contained in Paragraphs 1-57 of the Complaint.

59. AOL denies the allegations contained in Paragraph 59 of the Complaint.

60. AOL denies the allegations contained in Paragraph 60 of the Complaint.

61. AOL denies the allegations contained in Paragraph 61 of the Complaint.

62. AOL denies the allegations contained in Paragraph 62 of the Complaint.

## THIRD CLAIM FOR RELIEF

**For Conversion**
**(On Behalf of Plaintiffs and the Class)**

63. AOL denies the allegations contained in Paragraph 63 of the Complaint, except to admit that Plaintiffs seek relief on behalf of themselves and the putative Class. AOL denies that the putative Class defined in the Complaint is certifiable under applicable law, or that Plaintiffs have any basis for their claims in law or in fact. AOL further answers by repeating its responses to the allegations contained in Paragraphs 1-62 of the Complaint.

64. AOL denies the allegations contained in Paragraph 64 of the Complaint.

65. AOL denies the allegations contained in Paragraph 65 of the Complaint.

66. AOL denies the allegations contained in Paragraph 66 of the Complaint.

67. AOL denies the allegations contained in Paragraph 67 of the Complaint.

## FOURTH CLAIM FOR RELIEF

**For Negligence**
**(On Behalf of Plaintiffs and the Class)**

68. AOL denies the allegations contained in Paragraph 68 of the Complaint, except to admit that Plaintiffs seek relief on behalf of themselves and the putative Class. AOL denies that the putative Class defined in the Complaint is certifiable under applicable law, or that Plaintiffs have any basis for their claims in law or in fact. AOL further answers by repeating its responses to the allegations contained in Paragraphs 1-67 of the Complaint.

69. AOL denies the allegations contained in Paragraph 69 of the Complaint.

70. AOL denies the allegations contained in Paragraph 70 of the Complaint.

71. AOL denies the allegations contained in Paragraph 71 of the Complaint.

## FIFTH CLAIM FOR RELIEF

**For Unjust Enrichment**
**(On Behalf of Plaintiffs and the Class)**

72. AOL denies the allegations contained in Paragraph 72 of the Complaint, except to admit that Plaintiffs seek relief on behalf of themselves and the putative Class. AOL denies that the putative Class defined in the Complaint is certifiable under applicable law, or that Plaintiffs have any basis for their claims in law or in fact. AOL further answers by repeating its responses to the allegations contained in Paragraphs 1-71 of the Complaint.

73. AOL denies the allegations contained in Paragraph 73 of the Complaint.

74. AOL denies the allegations contained in Paragraph 74 of the Complaint.

75. AOL denies the allegations contained in Paragraph 75 of the Complaint. Further, Plaintiffs' allegations in Paragraph 75 are vague and ambiguous as to "members of the Class." No class has been certified, and AOL lacks sufficient knowledge to know the identity of these parties.

### SIXTH CLAIM FOR RELIEF

**For Money Had and Received**
**(On Behalf of Plaintiffs and the Class)**

76.   AOL denies the allegations contained in Paragraph 76 of the Complaint, except to admit that Plaintiffs seek relief on behalf of themselves and the putative Class.  AOL denies that the putative Class defined in the Complaint is certifiable under applicable law, or that Plaintiffs have any basis for their claims in law or in fact.  AOL further answers by repeating its responses to the allegations contained in Paragraphs 1-75 of the Complaint.

77.   AOL denies the allegations contained in Paragraph 77 of the Complaint.

78.   AOL denies the allegations contained in Paragraph 78 of the Complaint.

79.   AOL denies the allegations contained in Paragraph 79 of the Complaint

### SEVENTH CLAIM FOR RELIEF

**For Violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*:  Unfair Competition Law**
**(On Behalf of Plaintiffs, the California Subclass,**
**and the General Public of the State of California)**

80.   AOL denies the allegations contained in Paragraph 80 of the Complaint, except to admit that Plaintiffs seek relief on behalf of themselves and the putative California Subclass and the general public of the State of California.  AOL denies that the putative California Subclass defined in the Complaint is certifiable under applicable law, or that Plaintiffs have any basis for their claims in law or in fact.  AOL also denies that Plaintiffs are in fact acting on behalf of the general public of the State of California.  AOL further answers by repeating its responses to the allegations contained in Paragraphs 1-79 of the Complaint.

81.   AOL denies the allegations contained in Paragraph 81 of the Complaint.

82.   AOL denies the allegations contained in Paragraph 82 of the Complaint.

83.   AOL denies the allegations contained in Paragraph 83 of the Complaint.

84.   AOL denies the allegations contained in Paragraph 84 of the Complaint.

85.   AOL denies the allegations contained in Paragraph 85 of the Complaint.

## PRAYER FOR RELIEF

86.     AOL denies that Plaintiffs are entitled to any of the relief prayed for in the Complaint or have any basis for relief whatsoever. AOL denies the allegations contained in Paragraphs 1 through 9 of Plaintiffs' Prayer for Relief.

## AFFIRMATIVE DEFENSES

87.     AOL asserts the following affirmative defenses without assuming the burden of proof on such defenses that would otherwise rest with Plaintiffs:

### First Defense

88.     Plaintiffs' claims are barred because Plaintiffs agreed to AOL's Terms of Service Agreement ("TOS"), and the TOS provides the exclusive remedy for Plaintiffs.

### Second Defense

89.     Plaintiffs' claims are improper in this Court because Plaintiffs agreed to AOL's Forum Selection Clause, and the Forum Selection Clause requires Plaintiffs to pursue their claims in the courts of Virginia.

### Third Defense

90.     Plaintiffs' claims are barred because the Complaint fails to state a cause of action.

### Fourth Defense

91.     Plaintiffs' claims are barred to the extent such claims are not consistent with applicable federal laws.

### Fifth Defense

92.     Plaintiffs' claims are barred to the extent that Plaintiffs claimed injuries and damages were not proximately caused by any acts or omissions of AOL.

### Sixth Defense

93.     Plaintiffs' claims are barred because to the extent that any actionable conduct occurred, such conduct would have been committed by individuals acting ultra vires.

### Seventh Defense

94.     Plaintiffs' damages, if any, resulted from the acts or omissions of third parties over whom AOL had no control. The acts of such third parties constitute intervening or superseding

1 causes of the harm, if any, suffered by Plaintiffs.

## Eighth Defense

95. Plaintiffs' claims are barred because AOL's actions were undertaken in good faith, without wrongful intent, and constitute lawful, proper, and justified means to accomplish legitimate business objectives.

## Ninth Defense

96. Plaintiffs lack standing to sue on behalf of the general public.

## Tenth Defense

97. Plaintiffs and the members of the putative class lack standing to sue for the injuries alleged in the Complaint.

## Eleventh Defense

98. The putative class in the Complaint is not certifiable.

## Twelfth Defense

99. The Complaint and its alleged causes of action are not proper for treatment as a class action because, among other things, Plaintiffs lack capacity to sue as representatives of the purported class.

## Thirteenth Defense

100. Plaintiffs are not adequate representatives of the putative class.

## Fourteenth Defense

101. Plaintiffs' claims are not typical of the claims of the putative class.

## Fifteenth Defense

102. This action does not present sufficiently common issues of law or fact to proceed as a class action and any common issues do not predominate over individual issues.

## Sixteenth Defense

103. A class action would not be superior to other available methods of adjudication of the controversy.

## Seventeenth Defense

104. Plaintiffs and the members of the putative class have enjoyed the benefits of their

purchase of the product that is the subject of the Complaint, and are thereby barred from making the claims for relief set forth in the Complaint.

### Eighteenth Defense

105. Plaintiffs' claims are barred by the doctrine of assumption of risk.

### Nineteenth Defense

106. Plaintiffs' claims are barred by the doctrines of comparative and/or contributory negligence.

### Twentieth Defense

107. Plaintiffs and the members of the purported class failed reasonably to mitigate their alleged damages, if any.

### Twenty-First Defense

108. Plaintiffs' claims are barred, in whole or in part, by the equitable doctrine of estoppel and unclean hands.

### Twenty-Second Defense

109. Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver.

### Twenty-Third Defense

110. Plaintiffs' claims are barred, in whole or in part, because private remedies are not available to them under 39 U.S.C. § 3009.

### Twenty-Fourth Defense

111. Plaintiffs' claims are barred, in whole or in part, because they seek damages not available to them under Cal. Bus. & Prof. Code §§ 17200, *et seq*.

### Twenty-Fifth Defense

112. AOL has not knowingly or intentionally waived any applicable affirmative defenses and reserves the right to assert and rely on such other applicable affirmative defenses as may become available or apparent during discovery proceedings. AOL further reserves the rights to amend its answer and/or affirmative defenses accordingly and/or to delete affirmative defenses that it determines are not applicable during the course of subsequent discovery.

**Twenty-Sixth Defense**

113. Plaintiffs are not entitled to a trial by jury on some or all of their claims.

**PRAYER FOR RELIEF**

114. WHEREFORE, AOL prays for judgment as follows:

A. That Plaintiffs' Complaint be dismissed with prejudice and that Plaintiffs take nothing;

B. That judgment be entered in favor of AOL against Plaintiffs on Plaintiffs' Complaint;

C. That Plaintiffs be required to pay AOL's costs of suit and attorneys' fees, as may be allowed by law;

D. That AOL be awarded such other and further relief as the Court may deem appropriate.

Dated: September 11, 2003                KIRKLAND & ELLIS LLP

By: _s/Daniel T. Donovan_____
Daniel T. Donovan
Attorneys for Defendant
America Online, Inc.